**FILED**

APR 0 5 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, ) | No. C 11-6310 RMW (PR) |
| Plaintiff, ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND |
| v. ) | |
| MEDICAL STAFF AT REDWOOD CITY, ) MAGUIRE JAIL, ) | |
| Defendant. ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. The court will DISMISS the instant complaint with leave to amend.

**DISCUSSION**

A. Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica Police Dep't, 901

1  F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In determining whether a complaint states a claim, the court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

B. Plaintiff's Claims

According to the complaint, the medical staff at Maguire Jail was "negligent" in treating plaintiff's medical ailments. In its current form, plaintiff's complaint does not state a cognizable claim for relief. It appears that he is trying to allege that defendant was deliberately indifferent to his medical needs, but he fails to support this generic claim with sufficient facts. A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059. And, a prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff should be aware that a claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. See Toguchi v. Chung, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

In addition, plaintiff's allegations do not show more than the mere possibility of

misconduct, which is not sufficient to state a claim. Iqbal, 129 S.Ct. at 1949-50. Plaintiff is advised that, in order to state a claim for relief under section 1983, he must link each defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. Id. at 1948. Naming "medical staff" as defendants is insufficient to identify the individuals involved. In addition to providing factual information to show that constitutional violations occurred (as discussed above), plaintiff must allege in his amended complaint who caused those constitutional violations. He should not refer to them as a group (e.g., "the defendants" or "the medical staff"); rather, he should identify each involved person by name and explain what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Because plaintiff's complaint is insufficient to state a cognizable civil rights claim in its present form, he must file an amended complaint that cures the deficiencies identified in this order if he can do so in good faith. First, the amended complaint must allege facts that show constitutional violations. It should describe what happened, when it happened, and how it violated his constitutional rights. Although the amended complaint need not provide every specific detail of the incident, the allegations need to be more detailed than that presented in the original complaint. For example, plaintiff should explain how he requested medical aid; how many times he requested medical aid; what response, if any, he received; and from whom. As the complaint currently reads, the court cannot determine whether plaintiff has a cognizable claim for a deliberate indifference to a serious medical need or any other constitutional violation.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The complaint is DISMISSED with leave to amend.

2. Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above if he can do so in good faith. The amended complaint must include the caption and civil case number used in this order (C 11-6310

1  RMW (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff may not
2  incorporate material from the prior complaint by reference. **Failure to file an amended**
3  **complaint within thirty days and in accordance with this order will result in dismissal of**
4  **this action.**

5       3.     Plaintiff is advised that an amended complaint supersedes the original complaint.
6  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
7  in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
8  Defendants not named in an amended complaint are no longer defendants. See Ferdik v.
9  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

10      4.     It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the
11 court informed of any change of address by filing a separate paper with the clerk headed "Notice
12 of Change of Address," and must comply with the court's orders in a timely fashion. Failure to
13 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
14 of Civil Procedure 41(b).

15    IT IS SO ORDERED.
16 DATED: 4/5/2012

                              RONALD M. WHYTE
                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO MERINO,

        Plaintiff,

v.

MEDICAL STAFF AT REDWOOD CITY et al,

        Defendant.

Case Number: CV11-06310 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 5, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Merino A-14722
3WC03
San Quentin State Prison
San Quentin, CA 94974

Dated: April 5, 2012

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk