IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO MERINO, | ) | No. C 11-6310 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF PARTIAL |
| | ) | DISMISSAL; ORDER OF |
| v. | ) | SERVICE; DIRECTING |
| | ) | DEFENDANTS TO FILE |
| MEDICAL STAFF AT REDWOOD CITY, | ) | DISPOSITIVE MOTION OR |
| et al., | ) | NOTICE REGARDING SUCH |
| | ) | MOTION |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate written order. For the reasons below, the court orders service upon defendants.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. Balistreri v. Pacifica

1 | Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

2 |       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
3 | elements: (1) that a right secured by the Constitution or laws of the United States was violated,
4 | and (2) that the alleged deprivation was committed by a person acting under the color of state
5 | law. West v. Atkins, 487 U.S. 42, 48 (1988). In determining whether a complaint states a claim,
6 | the court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule
7 | 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader
8 | is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does
9 | not require 'detailed factual allegations,' but it demands more than an unadorned,
10 | the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
11 | (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

12 | B.    Plaintiff's Claims

13 |       In plaintiff's original complaint, the court warned him that in order to state a claim for
14 | relief under section 1983, plaintiff must link each defendant with some affirmative act or
15 | omission that demonstrates a violation of plaintiff's federal rights. Id. at 1948. Naming "medical
16 | staff" as defendants is insufficient to identify the individuals involved. In addition to providing
17 | factual information to show that constitutional violations occurred (as discussed above), plaintiff
18 | must allege in his amended complaint who caused those constitutional violations. He should not
19 | refer to them as a group (e.g., "the defendants" or "the medical staff"); rather, he should identify
20 | each involved person by name and explain what each defendant did or failed to do that caused a
21 | violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988)
22 | (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that
23 | defendant proximately caused deprivation of federally protected right).

24 |       However, as to plaintiff's claim of deliberate indifference, he again merely names the
25 | "medical staff", and has not named any individual defendant. He has named "Jane Does" as
26 | nurses, but the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit. See
27 | Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). If, through discovery, plaintiff
28 |

1  identifies the unknown defendants, plaintiff may move to amend his complaint, or file a new
2  complaint.  At this time, however, plaintiff has not properly linked an individual defendant with
3  a claim of a constitutional violation.  Thus, plaintiff's claim of deliberate indifference to his
4  serious medical needs is DISMISSED without prejudice.

5      Plaintiff also alleges that he engaged in a confrontation with defendants Deputy Monrose,
6  Deputy Stormie, and Lieutenant Cerda, wherein they used excessive force upon him and broke
7  several of his bones, and caused nerve damage to his arms and legs.  Liberally construed,
8  plaintiff has stated a cognizable claim of excessive force.

## CONCLUSION

10      For the foregoing reasons, the court hereby orders as follows:
11      1.    The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of
12  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended
13  complaint and all attachments thereto (docket no. 11), and a copy of this order to **Deputy**
14  **Monrose, Deputy Stormie, and Lieutenant Cerda,** and at the **San Mateo County Maguire**
15  **Jail.**

16      The clerk of the court shall also mail a courtesy copy of the amended complaint and a
17  copy of this order to Ceide Zapparoni, Office of County Counsel, 400 County Center, Redwood
18  City, CA  94063.  Additionally, the clerk shall mail a copy of this order to plaintiff.

19      2.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
20  requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
21  Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
22  behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
23  the cost of such service unless good cause is shown for their failure to sign and return the waiver
24  form. If service is waived, this action will proceed as if defendants had been served on the date
25  that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required
26  to serve and file an answer before **sixty (60) days** from the date on which the request for waiver
27  was sent.  (This allows a longer time to respond than would be required if formal service of

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
G:\PRO-SE\SJ.Rmw\CR.11\Merino310srv.wpd    3

1    summons is necessary.)  Defendants are asked to read the statement set forth at the bottom of the
2    waiver form that more completely describes the duties of the parties with regard to waiver of
3    service of the summons.  If service is waived after the date provided in the Notice but before
4    defendants have been personally served, the Answer shall be due **sixty (60) days** from the date
5    on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is
6    filed, whichever is later.

7        3.    No later than **ninety (90) days** from the date of this order, defendants shall file a
8    motion for summary judgment or other dispositive motion with respect to the cognizable claim
9    in the complaint.

10           a.    If defendants elect to file a motion to dismiss on the grounds that plaintiff
11   failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
12   defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315
13   F.3d 1108, 1119-20 (9th Cir. 2003).

14           b.    Any motion for summary judgment shall be supported by adequate factual
15   documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
16   Procedure.  **Defendants are advised that summary judgment cannot be granted, nor**
17   **qualified immunity found, if material facts are in dispute.  If defendants are of the opinion**
18   **that this case cannot be resolved by summary judgment, they shall so inform the court**
19   **prior to the date the summary judgment motion is due.**

20       4.    Plaintiff's opposition to the dispositive motion shall be filed with the court and
21   served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is
22   filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex
23   Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come
24   forward with evidence showing triable issues of material fact on every essential element of his
25   claim).

26       5.    Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's
27   opposition is filed.

28

1          6.      The motion shall be deemed submitted as of the date the reply brief is due.  No
2  hearing will be held on the motion unless the court so orders at a later date.
3          7.      All communications by the plaintiff with the court must be served on defendants
4  or defendants' counsel, by mailing a true copy of the document to defendants or defendants'
5  counsel.
6          8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
7  No further court order is required before the parties may conduct discovery.
8          9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
9  and all parties informed of any change of address and must comply with the court's orders in a
10  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
11  pursuant to Federal Rule of Civil Procedure 41(b).

        IT IS SO ORDERED.
12
13  DATED:  _____          /s/ Ronald M. Whyte
                                RONALD M. WHYTE
14                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO MERINO,

        Plaintiff,

  v.

MEDICAL STAFF AT REDWOOD CITY et al,

        Defendant.

Case Number: CV11-06310 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Merino AI4722
Salinas Valley State Prison
SVPP-DMH, D6-123
PO Box 1050
Soledad, CA 93960

Dated: October 12, 2012

                                      Richard W. Wieking, Clerk
                                      By: Jackie Lynn Garcia, Deputy Clerk