IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MERINO, | ) No. C 11-6310 RMW (PR) |
| Plaintiff, | ) |
| | ) ORDER GRANTING |
| v. | ) DEFENDANTS' MOTION TO |
| | ) DISMISS |
| VICTOR DE LA CERDA, et al., | ) |
| | ) (Docket No. 22.) |
| Defendants. | ) |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that defendants used excessive force against him. Defendants have moved to dismiss this action for failure to exhaust. Although given the opportunity, plaintiff did not file an opposition. Having carefully considered the papers submitted, the court GRANTS defendants' motion to dismiss for the reasons set out below.

**DISCUSSION**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 28 U.S.C. § 1997e(a). Nonexhaustion under § 1997e(a) is an affirmative defense; that is, defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). In deciding

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\RMW\CR.11\Merino310mtdexh.wpd

a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1119-20. If the court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal without prejudice. Id. at 1120.

Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. Porter v Nussle, 534 U.S. 516, 524 (2002). The exhaustion requirement requires "proper exhaustion." Woodford v. Ngo, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91 (footnote omitted).

At the time of the alleged constitutional violation,[1] the Maguire Correctional Facility, where plaintiff was housed, provided inmates in the county jails with a procedure for filing written grievances related to their confinement. (Decl. Quinlan at ¶ 3, Ex. A.) If a prisoner is filing a grievance against staff, he shall send it directly to the Housing Sergeant. (Decl. Quinlan, Ex. A at 1.) The Housing Sergeant will review, reply or forward the grievance to the Watch Commander. (Id.) The Watch Commander will determine if the grievance needs additional investigation and make sure the inmate receives a written response within ten days. (Id. at 2.) If the inmate is dissatisfied with the Watch Commander's response, the inmate must write a letter to the Facility Commander. (Id.) The Facility Commander will review the grievance and give a written response to the inmate within two weeks of receipt. (Id.) Alternatively, the inmate may also appeal directly to the Watch Commander or Facility Commander. (Id.)

Defendants argue that plaintiff has failed to exhaust his claim. Defendants proffer that plaintiff did not submit any grievance regarding this incident. (Decl. Quinlan at ¶ 5.) Defendants also provide evidence that during plaintiff's incarceration at Maguire Correctional Facility from April 30, 2008, through November 3, 2009, and January 5, 2010, through

---

[1] Plaintiff does not allege the date of the alleged excessive force incident, but defendants believe the incident occurred on June 28, 2009. (Decl. Quinlan at ¶ 3.)

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\RMW\CR.11\Merino310mtdexh.wpd

1  September 16, 2011, plaintiff had filed approximately forty grievances concerning other issues.
2  (Decl. Quinlan at ¶ 4.)   None of these grievances concerned the underlying complaint.  In fact,
3  there is no record that plaintiff filed any grievance related to this incident in the Maguire
4  Correctional Facility's files.  (Id. at ¶ 5.)

5  Compliance with prison grievance procedures is all that is required by the PLRA to
6  "properly exhaust."  Jones v. Bock, 549 U.S. 199, 217-18 (2007).  The level of detail necessary
7  in a grievance to comply with the grievance procedures will vary from system to system and
8  claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries
9  of proper exhaustion. Id. at 218.  Once defendants meet their burden, the burden shifts to the
10 plaintiff to demonstrate that the grievance procedure was unavailable.  See Albino v. Baca, 697
11 F.3d 1023, 1032-33 (9th Cir. 2012).  Defendants have met their burden of demonstrating that
12 plaintiff has failed to exhaust.  Plaintiff has not provided any evidence to meet his burden.
13 Further, plaintiff has not provided any evidence of exhaustion to contradict defendants'
14 submission that plaintiff did not submit any grievance about the challenged event.

15 Accordingly, the court concludes that plaintiff has failed to exhaust his administrative
16 remedies.

## CONCLUSION

18 Defendants' motion to dismiss is GRANTED.  Judgment shall be entered in favor of
19 defendants.  The clerk shall terminate all pending motions and close the file.

20 IT IS SO ORDERED.
21 DATED:  _____

*/s/ Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Defendants' Motion to Dismiss
G:\PRO-SE\RMW\CR.11\Merino310mtdexh.wpd

3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO MERINO,

        Plaintiff,

  v.

VICTOR DE LA CERDA, et al.,

        Defendant.

Case Number: CV11-06310 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 23, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Merino AI4722  
Salinas Valley State Prison  
SVPP-DMH, D6-123  
PO Box 1050  
Soledad, CA 93960

Dated: October 23, 2013

        Richard W. Wieking, Clerk  
        By: Jackie Lynn Garcia, Deputy Clerk